UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID ARRONA, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-1645 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

## OPINION ON DISMISSAL

Petitioner David Arrona, who is incarcerated at the Ellis Unit of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed this action seeking habeas corpus relief from a disciplinary conviction. For the reasons to follow, the Court will dismiss Petitioner's habeas claims.

Prisoners charged with rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest. *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001). In Texas, however, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle,* 65 F.3d 29, 31-33 (5th Cir. 1995).

Although Petitioner indicates that he is eligible for mandatory supervision, he states that he did not lose any good conduct credit as a result of the disciplinary conviction challenged here. (Docket No. 1 at 5.) Routine sanctions imposed as a result of a disciplinary conviction (*i.e.*, cell restriction, loss of commissary privileges, Line Class penalties) do not impinge upon a liberty

interest and, therefore, do not implicate the Due Process Clause. *See Madison*, 104 F.3d at 768. Because none of the disciplinary sanctions alleged here deprived Petitioner of a protected liberty interest, his claims do not implicate federal due process concerns. Accordingly, Petitioner's habeas claims are DENIED and his habeas action is DISMISSED WITH PREJUDICE.

The Court further DENIES Petitioner a certificate of appealability from the dismissal of his habeas claims because he fails to show that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).

The Clerk will provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 6th day of August, 2014.

                                                                MELINDA HARMON
                                      UNITED STATES DISTRICT JUDGE